**TIANSHOUZAENG ZHENG–KING, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 02–4845–ag.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Paula D. Silsby, United States Attorney, District of Maine, Halsey B. Frank, Assis-

tant United States Attorney, Portland, Maine, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Tianshouzaeng Zheng–King, though counsel, petitions for review of the BIA decision summarily affirming the decision of the Immigration Judge ("IJ") denying petitioner's application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

"Where the IJ's adverse credibility finding is based on specific examples in the record of 'inconsistent statements' by the asylum applicant about matters material to [her] claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004). Substantial evidence supports the

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

IJ's adverse credibility finding. Zheng–King testified inconsistently about crucial elements of his asylum claim: (1) he claimed that he only learned about the alleged Chinese sterilization policy in 1997, even though (as he claims) his wife was forcibly sterilized in 1985; (2) Zheng–King wavered on whether the cadres sought to question him or arrest him; (3) he sometimes claimed that his wife obtained refuge with her eldest sister, but other times claimed that his wife obtained refuge with the youngest sister; and (4) Zheng–King testified to having been fined for an over-birth, but did not mention this incident on his asylum application. Additionally, Zheng–King failed to corroborate certain implausible aspects of his story.

Zheng–King's due process argument is also without merit. See, e.g., *Ahmetovic v. INS*, 62 F.3d 48, 53 (2d Cir.1995).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).